**UNITED STATES of America, Plaintiff,**

v.

**Rafael ROSA–MARTÍNEZ [4], Defendant.**

**Criminal No. 13–125 (FAB).**

United States District Court, D. Puerto Rico.

Signed June 8, 2015.

Teresa S. Zapata–Valladares, United States Attorneys Office, San Juan, PR, for Plaintiff.

**ORDER REDUCING SENTENCE**

FRANCISCO A. BESOSA, District Judge.

The defendant, Rafael Rosa–Martínez, moved for a reduction in his sentence (Docket No. 1037), and the magistrate judge indicated in a Report and Recom-

---

mendation that the defendant may qualify for a sentence reduction (Docket No. 1097.)

The United States and the defendant were not able to reach a stipulation to reduce defendant's sentence pursuant to Amendment 782. *See* Misc. No. 14–426(ADC). The United States argues that the defendant's sentence should not be reduced because "[h]is role in the drug trafficking organization ... was that of a drug point owner, which required [him] to supervise the drug distribution points, obtain wholesale amounts of narcotics for subsequent street level distribution and [to] possess firearms." (Docket No. 1151)

The government also argues that the defendant's 144–month sentence adequately reflects the seriousness of the offense—drug trafficking activities that lasted for approximately 10 years and resulted in the distribution of approximately 208 kilograms of cocaine, 194 kilograms of heroin and 81 kilograms of crack cocaine. *Id.* To top off its argument, the government adds that the defendant "has been disciplined for instances of insolence to staff and refusal to obey an order while under custody of the Bureau of Prisons, and that his offense in this case is not his first brush with the law." *Id.*

The defendant counters that because all defendants who plea benefit from a drug amount stipulation, it would be unfair to use that reason to negate a reduction of his sentence. The defendant also minimizes his disciplinary incidents while incarcerated, stresses that he has been working on his rehabilitation and taking advantage of the educational courses offered by the BOP, and argues for a reduction in his sentence. (Docket No. 1149.) The probation officer also argues that defendant's sentence should be reduced. (Docket No. 1150.)

The Court, after considering all factors, determines that the defendant should re-

ceive a sentence reduction. The Court strongly agrees with the defendant that benefitting from a drug amount stipulation and receiving enhancements for possession of weapons and role in the offense are not sufficient reasons to deny a sentence reduction pursuant to Amendment 782. The Court also agrees with the defendant that, in his case, his disciplinary problem while in prison is not serious enough to constitute a reason, by itself, to deny a sentence reduction.

Indeed, it is the Court's belief that the reasons given by the government, in this case and many previous ones, recommending that a defendant not receive a sentence reduction, demonstrates that the United States Attorney for this district is thumbing its nose at a clear Congressional mandate to reduce offense levels by two levels, with the consequent reduction in sentences. The Congressional mandate is retroactive. Had this defendant, or others like him, been sentenced after November 1, 2014, his total offense level would have been two levels below what his total offense level was (or would have been) prior to that date, when Amendment 782 became effective, notwithstanding enhancements for role in the offense, possession of weapons or amount of narcotics. *See,* U.S.S.G. § 2D1.1(c) (Drug Quantity Table.)

Accordingly, the defendant's sentence is reduced to 120 months. The Clerk will enter a Sentence Reduction Order.

**IT IS SO ORDERED.**